# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| 1001 WL, LLC | § | |
| | § | Case No. 24-10119-SMR |
| Debtor. | § | |
| | § | |
| XAVIER EDUCATIONAL ACADEMY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. _____ |
| | § | |
| 1001 WL, LLC and GALLERIA LOOP NOTE HOLDER, LLC, | § | |
| | § | |
| Defendants. | § | |

## TEMPORARY RESTRAINING ORDER

The Court has reviewed the Request for an Ex-Parte Temporary Restraining Order filed by the above-captioned debtors and debtors in possession (the "Debtors") against 1001 WL, LLC and Galleria Loop Note Holder, LLC (the "Defendants"). Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, it is **ORDERED THAT:**

1. Xavier Educational Academy is immediately allowed access to the Premises, as identified in Xavier Educational Academy's Adversary Complaint.

2. In issuing this temporary restraining order (this "Temporary Restraining Order"), the Court has considered the following factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury to the movant outweighs any harm to the nonmovant that may result from the injunction; and (4) that the injunction will not undermine the public interest. *Valley v. Rapides Parish School Board*, 118 F.3d 1047 (5th Cir. 1997); *Guy Carpenter & Co., Inc. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003).

3. The principal allegations in this case is that the Defendants have locked out Plaintiff without right. Based on the allegations set forth in s *Xavier's Original Adversary Complaint and Emergency Request for Temporary Restraining Order* (the "Complaint"), the Court has concluded that pursuant to Federal Rule of Civil Procedure 65(b)(2), good cause exists to issue a temporary restraining order against Defendant.

4. With respect to the probability of success on the merits, there is a reasonable probability of success on the merits. Based on the allegations in the Complaint, it appears that the Plaintiff has a reasonable probability of establishing that Defendants breached the underlying Lease. The test established by the Fifth Circuit is not a certainty of success; rather, the test is a "reasonable probability." Under the circumstances, the Court finds that Xavier has a reasonable probability of success on the merits.

5. With respect to immediate, irreparable injury, the Court finds that based on the allegations in the Complaint, there is a probability that Xavier, and its students, will be irreparably harmed in damages which have no adequate remedy at law.

6. With respect to the comparative injuries to the Plaintiff and to Defendants, the Court finds that the prospective injury to the Plaintiff outweighs the prospective injury to Defendants.

7. Pursuant to Federal Rule of Bankruptcy Procedure 7065, Xavier is required to file a bond in the amount of _____.

8. This Temporary Restraining Order **shall expire at \_\_\_ a/p.m. on _____, 2024.**

9. A hearing to consider entry of a preliminary injunction against Defendant will be held on **_____, 2024 at \_\_\_ a/p.m. at the Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 322, Austin, TX 78701**

10. Plaintiff shall serve a copy of this Temporary Restraining Order on Defendants within 12 hours.

SIGNED: _____

_____
SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE